# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **JOSEPH F. BOND** | * |
| Plaintiff | * |
| v. | * Case number: 06cv2023 RWT |
| **CAREFIRST BLUE CROSS BLUE SHIELD, et al.** | * |
| Defendants | * |

## MEMORANDUM OPINION

On September 21, 2005, Plaintiff filed a Complaint in the Circuit Court for Prince George's County, Maryland, against Defendant Archie D. Kasulke (the "original action"), seeking damages for claims relating to an automobile accident. *See* Paper No. 9. On June 26, 2006, Plaintiff filed in the original action a Complaint for Interpleader against numerous defendants, in which he alleged that his medical bills were in excess of $666,607.62, but that Defendant Kasulke had no assets beyond his $200,000 automobile insurance policy; he alleged that he had been unsuccessful in negotiating a settlement with the interpleader defendants in which they would waive or compromise their right to be reimbursed out of the proceeds of a settlement "in principle" of the original action with Defendant Kasulke's insurer, and asked the Court to determine the rights to the settlement proceeds.[1] *See* Paper No. 2.

On August 4, 2006, the United States of America filed a Notice of Removal, alleging that Michael O. Leavitt, Secretary of the United States Department of Health and Human Services, was

---

[1] Plaintiff was allocated $191, 200 of the settlement proceeds, with the remainder of the $200,000 going towards the resolution of the claims of other injured parties.

a party in interest, and, pursuant to 28 U.S.C. 1442, sought removal to this Court. *See id.*, On September 27, 2006, Michael O. Leavitt, Secretary of the United States Department of Health and Human Services, filed a Motion to Substitute; on November 21, 2006, this Court granted Defendant Leavitt's motion, thereby substituting Defendant Leavitt for Defendant Centers for Medicare and Medicaid Services ("CMS"). *See* Paper No. 25, 32. In that same order, this Court granted, with Plaintiff's consent, Defendant CMS's Motion to Dismiss. *See id.*

Plaintiff's Complaint for Interpleader involves numerous defendants. *See* Paper No. 2. This Court's November 21, 2006 order, however, resolved all claims upon which this Court had original jurisdiction. *See* Paper No. 32. Pursuant to 28 U.S.C. § 1367(a), this Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." A district court, however, "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." *See* 28 U.S.C. § 1367(c)(3). Considering the circumstances of this case, this Court declines to exercise supplemental jurisdiction over the remaining claims.

Accordingly, the Court will remand this case to the Circuit Court for Prince George's County, by separate order.

March 7, 2007                          /s/
Date                                   ROGER W. TITUS
                                        UNITED STATES DISTRICT JUDGE